IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:07-cv-003-WKW |
| v. | ) | [WO] |
| | ) | |
| Glen Franklin, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 5, filed January 23, 2007). By Orders filed February 7, 2007, the Magistrate Judge granted permission for this *pro se* plaintiff, Angela Denise Nails, to proceed *in forma pauperis*, but stayed further proceedings on her Complaint filed January 3, 2007, because it is evident that the Complaint suffers from procedural and jurisdictional deficiencies which warrant its dismissal unless the deficiencies are remedied promptly. (Docs. 6, 7). As the Amended Complaint filed February 13, 2007 (Doc. 8) does not cure the deficiencies, is so patently frivolous and reflects the plaintiff's inexcusable abuse of the judicial process, it is the recommendation of the Magistrate Judge the action be dismissed, without any opportunity for amendment and prior to service of process pursuant

to the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

## I.  PARTIES

Plaintiff, Angela Denise Nails ("Nails" or "Plaintiff"), is a resident of Dothan, Alabama, within the Middle District of Alabama.

Defendants are purportedly employees for the Alabama Housing Authority in Dothan, Alabama.

## II.  VEXATIOUS LAWSUITS

On January 3, 2007, Nails, an unemployed disabled indigent who resides in Dothan[2], filed five separate lawsuits in this court pursuant to 28 U.S.C. § 1915:

    (1) 1:07-cv-00003-WKW-TFM Nails v. Franklin et al (MAG+)

    (2) 1:07-cv-00005-MEF-CDC Nails v. Centurytel Phone Company, closed 1/18/07

    (3) 1:07-cv-00006-WKW-SRW Nails v. Feager, closed 1/8/07

    (4) 1:07-cv-00007-MHT-WC Nails v. Dothan Security Incorporated, closed 1/8/07

    (5) 1:07-cv-00028-MHT-WC Nails v. Preston, et al closed 1/10/07

Further, it bears mention that since March 17, 2006, Plaintiff filed twenty-two separate

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2] Nails does not disclose in her *in forma pauperis* applications the nature of her disability, but her written submissions in each case raise reasonable doubts about her mental stability.

lawsuits in this court pursuant to 28 U.S.C. § 1915 charging a variety of defendants with spurious claims most frequently seen in state court litigation.

Apparently undeterred by the notice provided in each case regarding the limited jurisdiction of federal courts, the glaring deficiencies of her lawsuit, and penalties for abusing the privilege of proceeding without paying filing fees and costs, Nails ended her hiatus in January 2007 with the filing of the five above-referenced lawsuits.

### III. PRESENT COMPLAINT

On, February 7, 2007, the Court ordered Plaintiff to file an amended complaint which "asserts valid, factually supported, and timely federal causes of action for which relief can be granted." *See* Doc. 7. Plaintiff filed her Amended Complaint on February 13, 2007. *See* Doc. 8. The undated Amended Complaint - neither sworn nor notarized – does not contain sufficient information to satisfy the Court's order.

### IV. DISCUSSION

**A.    Jurisdiction**

The term "subject-matter jurisdiction" pertains to the court's authority over the category of the claim in suit. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 1566, 143 L.Ed.2d 760 (1999). Under the American form of government, federal district courts are courts of limited jurisdiction. In most cases, there must be both constitutional and statutory authority for a federal court to act. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

Subject-matter jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Federal Rule of Civil Procedure 12(b)(1) dictates that the question of subject matter jurisdiction be accorded priority consideration because it implicates the court's "very power to hear the case." *Bell v. Hood,* 327 U.S. 678, 682-683 (1946); *see Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir.1997) (noting that "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims"); *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990).

Therefore, a plaintiff is required by Rule 8(a)(1) of the Federal Rules of Civil Procedure to allege in her complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." Indeed a federal court's jurisdiction must be established by a plaintiff in the complaint by stating the basis of the court's jurisdiction and by pleading facts to demonstrate the existence of jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Therefore, a court may not excuse a *pro se* litigant from the requirement of stating the basis for the court's jurisdiction in her

4

pleadings. "[O]nce a court determines that there has been no [Congressional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11thCir. 2000). Moreover, Federal Rule of Civil Procedure 12(h)(3) specifically provides that "[w]henever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

Further, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

**B.    Application**

In the "Complaint Admended [sic]," Plaintiff Angela Denise Nails states her legal

5

claim as follows:[3]

> "The defendant is an employee for the Dothan, Alabama Housing Authority. The complaint is against the defendant because the defendant discriminated against the plaintiff on 09 26 2006, 10 16 2006, 11 01 2006 & 01 19 2007. The defendant on 09-26-2006 discriminated against the plaintiff after the defendant found out that another tenant had assaulted the plaintiff. The defendant used color to discriminate against the plaintiff. The defendant filed an eviction notice upon the plaintiff after finding out that the other tenant was white. The defendant did would not consider filing an eviction notice on the white tenant because the defendant stated that the The defendant is aware that the HUD lease dose no give him any rights white tenant was not doing anything wrong in violation of the HUD Lease. to to discriminate. The defendant discriminated against the plaintiff because the HUD lease does not use color as a factor to make a selection on which tenants should be evicted the lease states anyone who is in violation of the lease will be subject to the lease. The defendant is governer by HUD local and state laws in the plaintiff Housing Lease. The defendant on 10-16-2006 and 11-01-2006 completed service on the African American tenant with violating the rights of the African American tenant rights of the lease. 01-19-2007 The defendant finished his argument to evict the plaintiff before a District Judge. The eviction against the plaintiff was not upheld according to the HUD Housing Lease. FAIR Housing Rule discrimination Rule 42 U.S. Code 3601.et seq.). The Housing association policy Category 1-4 and 4-39-4-42 discrimination against any person because of treatment that is not given to another person who has violated a policy of the Fair Housing of different race, color, religion, national origin, sex families with children and people with disabilities. The act of discrimination is the ability or power to see or make fine distinctions; discernment and the treatment or consideration based on class or category. The plaintiff case is Federal question under U.S. Federal courts the defendant violated the Fair Housing rule of discrimination and did not seek the rights for the plaintiff under the Fair Housing rule. The plaintiff is protected under the federal constitutional due pro process in the Fourth Amendment.

The gist of these allegations - as best can be discerned from verbiage which lacks clarity, to

---

[3]   Plaintiff's claims are recited verbatim including spelling and typographical errors.

be charitable - is a complaint that Defendant(s)[4] wrongfully attempted to evict Plaintiff and did not attempt to evict a white tenant who assaulted Plaintiff.

Irrespective of its procedural defects, this Complaint lacks jurisdictional substance to such an extent this court cannot further squander judicial resources. In the acknowledged absence of any diversity of citizenship between the parties, federal jurisdiction must rest on a federal question arising from the United States Constitution or federal statutes. Plaintiff proffers the "FAIR Housing Rule discrimination Rule 42 U.S. Code 3601.et seq.," "Federal question under U.S. Federal courts the defendant violated the Fair Housing rule of discrimination..." and "federal constitutional due pro [sic] process in the Fourth Amendment," but her scattered references lack any substantive statement of any valid claim grounded on the racial discrimination she claims.

No facts alleged in the amended complaint can be construed reasonably to implicate any right or privilege secured by federal law or the Constitution. The complaint clearly lacks any arguable basis in law and fact. Notwithstanding the allegation that the amount in controversy exceeds $75,000.00 as Plaintiff seeks one million dollars from each defendant, nothing in the amended complaint suggests even remotely any foundation for this jurisdictional requirement. In sum, this action is frivolous and warrants dismissal.

---

[4] In her Original Complaint Plaintiff makes allegations against three defendants; however in her Amended Complaint Plaintiff consistently uses the singular "Defendant" and never specifies to whom she is referring.

### V. PRIVILEGE OF FILING AN *IN FORMA PAUPERIS* ACTION IN FEDERAL COURT

Nails is advised, as this court has consistently reminded similarly situated *pro se* litigants, the privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations designed not only to conserve limited judicial resources, but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or mis-guided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy. Frivolous or malicious lawsuits duties against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action.

***This court also deems it appropriate now to advise Nails that pro se* litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure**, which provides in pertinent part at Rule 11(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new

    law;

(3)     the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

*A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting* "an inquiry reasonable under the circumstances" in order to inform his "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

## VI. CONCLUSION

The complaint fails to state any cognizable claim for relief in this court, and is patently frivolous. **It is the Recommendation of the Magistrate Judge that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).**

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* not later than **March 8, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and,

therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 21st day of February, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE