Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

July 18, 2008

**Appeal Number: 07-11794-FF**
Case Style: Angela Denise Nails v. Glenn Franklin
District Court Number:  07-00003 CV-W-S

TO:   Debra P. Hackett

CC:   Angela Denise Nails

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

July 18, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 07-11794-FF**
Case Style: Angela Denise Nails v. Glenn Franklin
District Court Number: 07-00003 CV-W-S

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision,</u> is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 07-11794

District Court Docket No.
07-00003-CV-W-S

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 30, 2008
THOMAS K. KAHN
CLERK

ANGELA DENISE NAILS,

    Plaintiff-Appellant,

versus

GLENN FRANKLIN,
LOUISE TRAWICK,
DEBBIE MAULDIN,

    Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Middle District of Alabama

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUL 1 8 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:   May 30, 2008
For the Court:   Thomas K. Kahn, Clerk
By:   Jackson, Jarvis

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 07-11794
Non-Argument Calendar

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00003-CV-W-S

ANGELA DENISE NAILS,

               Plaintiff-Appellant,

versus

GLENN FRANKLIN,
LOUIS TRAWICK,
DEBBIE MAULDIN,

               Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

(May 30, 2008)

Before EDMONDSON, Chief Judge, CARNES and DUBINA, Circuit Judges.

PER CURIAM:

  Pro se plaintiff Angela Denise Nails ("Plaintiff") appeals the district court's

sua sponte dismissal of her discrimination claims brought under the Fair Housing

Act, 42 U.S.C. § 3604, and the Civil Rights Act, 42 U.S.C. § 1983. No reversible error has been shown; we affirm.

Given that Plaintiff's allegations are difficult to discern, we accept the district court's charitable characterization of her amended complaint.[1] Proceeding in forma pauperis, Plaintiff, an African-American citizen, alleged that Glen Franklin, Louise Trawick, and Debbie Maludin ("Defendants"),[2] employees of the housing authority in Dothan, Alabama, discriminated against her on the basis of race. Plaintiff claimed that Defendants wrongfully attempted to evict her from her apartment without also attempting to evict a white tenant who had allegedly assaulted her. Plaintiff sought damages in the amount of $1 million from each Defendant for violations of the Fair Housing Act and the Due Process Clause of the Constitution.

Adopting the magistrate judge's report and recommendation in its entirety, the district court dismissed Plaintiff's case with prejudice pursuant to 28 U.S.C. §

---

[1]The magistrate judge allowed Plaintiff to file an amended complaint because her original complaint suffered from procedural and jurisdictional deficiencies that otherwise warranted its dismissal.

[2]In her original complaint, Plaintiff made allegations against these three defendants; but, in her amended complaint, Plaintiff only uses the singular "defendant" and never specifies to whom she is referring. At best, Plaintiff's original complaint appears to be grounded on Defendants' refusal to intervene in Plaintiff's disputes with other tenants in Plaintiff's apartment complex.

1915(e)(2)(B)[3] on grounds that her claims were frivolous and lacked jurisdictional substance. According to the district court, Plaintiff's amended complaint could not be construed reasonably to implicate a right or privilege secured by federal law or the Constitution. Furthermore, the district court concluded that nothing in the complaint even remotely supported Plaintiff's claim to $1 million in damages.[4]

We review cases that are dismissed as frivolous under Section 1915(e) for abuse of discretion. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "A claim is frivolous if it is without arguable merit either in law or fact." Id. Generally speaking, factual allegations are frivolous when they are "clearly baseless"; and legal theories are frivolous when they are "indisputably meritless." Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990).

We agree that Plaintiff's suit is frivolous and should be dismissed with prejudice. As the district court noted, Plaintiff filed five other lawsuits when she filed the present suit. The court also noted that, since early 2006, Plaintiff had

---

[3] Section 1915(e)(2)(B) provides in part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[4] In her objections to the magistrate judge's recommendation, Plaintiff alleged that the Dothan Housing Authority violated her Fifth Amendment rights by allowing her to "succumb to harassment and mental torture at the hands of [management]." Plaintiff also alleged for the first time that the apartment management assisted a white tenant in reading the apartment lease but refused to help her do the same, which she claimed amounted to unlawful discrimination. The district court overruled Plaintiff's objections.

3

filed 22 separate suits pursuant to Section 1915. To this history of abusing the judicial process, we add that Plaintiff's allegations are just inadequate for stating a claim of discrimination. In addition, Plaintiff's due process claim is similarly meritless absent some factual allegation that she has actually been deprived adequate process.[5] It is also apparent from our review of the record that Plaintiff's multiple filings – from her original complaint to her most recent objections – each present different allegations, the effect of which is to cast considerable doubt on the reliability of her factual assertions.[6] See Bilal, 251 F.3d at 1349 ("[S]ection 1915, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"). Given Plaintiff's abuse of the judicial process, coupled with the inadequacy and unreliability of her allegations,

---

[5] According to her original complaint, Plaintiff filed a grievance with the Department of Housing and Urban Development ("HUD") that was then under investigation.

[6] For instance, Plaintiff grounded her original complaint on Defendants' refusal to intervene in her problems with other tenants in the apartment complex. Then, in her amended complaint, Plaintiff alleged that Defendants sought to evict her without also seeking to evict a white tenant with whom Plaintiff had an earlier altercation. Finally, in her objections to the magistrate judge's recommendation, Plaintiff introduced new allegations against the Dothan Housing Authority for subjecting her to harassment and mental torture and for refusing to assist her in reading the apartment lease despite assisting a white tenant.

we conclude that Plaintiff's factual allegations are "clearly baseless" and that her theory of discrimination is "indisputably meritless."

It is well-established: "[B]ecause district judges remain more familiar with and are more experienced to recognize potentially frivolous claims, . . . [a] determination of frivolity is best left to the district court." Id. Having thoroughly reviewed the record, we see no reason to second-guess the district court's decision in this case.

**AFFIRM.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia